[Civ. No. 9434. First Appellate District, Division Two.—May 29, 1934.]

GEORGE A. PATRICK, Petitioner, v. SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

George Olshausen and Sol Silverman for Petitioner.

Morrison, Hohfeld, Foerster, Shuman & Clark for Respondents.

SPENCE, J.—Petitioner seeks a writ of mandate to compel the respondent court to direct a witness to answer certain questions asked upon the taking of a deposition.

The deposition was taken in an action brought by petitioner against the Honolulu Oil Corporation and certain officers of said corporation, including the witness Mattei, the vice-president thereof. In said action petitioner sought to recover damages for an alleged breach of an oral contract of employment. Petitioner alleged in his amended complaint that defendants had agreed to employ him as long as he did satisfactory work. He further alleged that he did satisfactory work for about twenty-eight months and until he was discharged by defendants. The deposition of the witness Mattei was taken solely on the ground that he was a party to the action. On the taking thereof it appeared that there was another action pending in the United States District Court involving the same controversy in which action the petitioner was the plaintiff but the corporation was the sole defendant. The reason for the pendency of two actions does not appear. The deposition proceeded at two separate hearings and the transcript of the testimony consists of 113 pages. The witness was examined at length on many subjects and his testimony negatived the existence of any contract of employment such as was alleged by petitioner. He testified regarding his conversation with petitioner at the time petitioner was employed and stated that he told petitioner that he "couldn't give him any assurance as to how long he would stay with the company" because of the uncertainty of business conditions. He further testified to the effect that petitioner was discharged because of contraction of business and also because of inefficiency and insubordination on the part of petitioner. The witness also testified in response to questions by petitioner's counsel to specific instances of inefficiency and insubordination. It appears, however, that the witness did not directly supervise the work of petitioner and that he did not have detailed personal knowledge of all of the facts. During the examination on the day to which the taking of the deposition was continued, counsel for defendants in said action interposed several objections to questions and instructed the witness to decline to answer. Thereafter petitioner obtained an order to show cause and upon the hearing thereof by the respondent court said order to show cause was discharged. Thereupon petitioner commenced this proceeding for a writ of mandate.

4

■ Upon the filing of the application herein an alternative writ was issued as several of the questions which the witness had refused to answer appeared to be relevant questions. Respondents allege in their answer herein and contend in their brief that practically all of the subject matter involved in said questions had been adequately covered by the previous questions and answers. From a reading of the deposition, respondents' reply seems to be sufficient in so far as it relates to the questions covering petitioner's work and the specific acts of alleged inefficiency and insubordination. The witness did not purport to have personal knowledge of the details of petitioner's work and in our opinion the trial court did not abuse its discretion in limiting the further cross-examination under section 2055 of the Code of Civil Procedure by refusing to direct the witness to answer certain further questions with respect thereto.

■ Petitioner points out that while the objection made to several of said questions on the taking of the deposition was merely the general objection that the questions were incompetent, irrelevant and immaterial, respondents in this proceeding claim that the questions had been asked and answered. Petitioner then contends that the latter objection had been waived. As we view the situation in this proceeding against the respondent court, it is immaterial what objections, if any, may have been interposed by defendants in said action at the time of taking the deposition. The question here presented relates solely to petitioner's right to the extraordinary remedy of *mandamus* to compel the trial court to direct the witness to answer said questions and if any objection to the questions might properly have been sustained, the writ should not issue regardless of whether the proper objection or any objection was made by said defendants at the time the question was asked on the taking of the deposition. As was said in *Davey* v. *Southern Pac. Co.*, 116 Cal. 325, at page 330 [48 Pac. 117, 118], "An objection to evidence is but a reason offered for its exclusion. The objection may be untenable or insufficient, yet, if sustained, and there appears any other reason for which the evidence should have been excluded, the ruling must stand. And even where no objection is made, but the court excludes evidence of its own motion,

the ruling will be sustained, if the evidence was for any reason inadmissible."

Petitioner asked certain further questions which the witness declined to answer. The witness was asked whether he was present at a certain time and place during the month of July, 1933, when a Mr. Kerrigan came in with a Mr. Robillard and told Mr. Robillard, "You are in a hell of a jam," and Inspector Bohr uncovered his star and said to Mr. Robillard, "Do you know what this is?" Counsel for petitioner conceded that at the time of the taking of the deposition that these questions were addressed to a collateral matter and refused to disclose his purpose until after the questions had been asked. It is now stated that petitioner proposed to show that certain persons present were officers of the defendant company, that Mr. Robillard was a prospective witness for petitioner in the action and that an attempt was being made to intimidate said prospective witness. Several objections are here urged to this line of questioning, but we believe it sufficient to point out that, even assuming that such testimony might possibly have been admissible for the purpose stated, no proper foundation was laid. We find nothing in the record nor in the questions asked to indicate what the alleged conversation was about, what the circumstances were under which the conversation was had, whether the action in which the deposition was taken or any action had been commenced or was contemplated by petitioner at the time of said conversation or whether Mr. Mattei or anyone connected with the defendants in said action played any part in said conversation or was present other than as a mere bystander.

Petitioner further complains of the refusal of the trial court to direct the witness to produce a written statement made by petitioner to the defendant company shortly before his discharge. Petitioner frankly concedes that the statement is a self-serving declaration regarding his claim to a contract of employment and that it could not be introduced in evidence by him for that reason. He states, however, that he requested it "on the theory that the defendants could introduce it". He quotes from Jones' Commentaries on Evidence, second edition (1926), volume 5, page 3820, to the effect that the examination "may extend to matters in support of the case or defense of the other party". But it does not appear that said statement con-

stituted any admission on the part of petitioner or that it supported any ''defense of the other party''.

We may state that a reading of the deposition which is before us discloses that petitioner was on a ''fishing expedition'' in taking the deposition of one of the parties defendant under section 2055. The witness was compelled to attend at two separate hearings and was examined at length as upon cross-examination. There may be some questions which the trial court could properly have directed the witness to answer, but upon cross-examination the question is whether a sufficiently wide range has been allowed rather than whether some particular question or questions should have been allowed. (*East Bay Municipal Utility District* v. *Kieffer*, 99 Cal. App. 240, 261 [278 Pac. 476, 279 Pac. 178].) Furthermore, the issuance of a writ of mandate is not altogether a matter of right and the granting or refusing thereof rests to a considerable extent within the discretion of the court to which the application is made. (16 Cal. Jur. 768.) We are of the opinion that even though petitioner may have been entitled, strictly speaking, to a response to some of the questions propounded and to which no response was had, this court should exercise its discretion and refuse to compel the trial court by writ of mandate to further extend the examination of the witness when it appears that such examination had already been sufficiently prolonged and had covered a sufficiently wide range.

The alternative writ is discharged and the petition for a peremptory writ of mandate is denied.

Sturtevant, J., and Nourse, P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on June 28, 1934, and an application by petitioner to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 26, 1934.