[Civ. No. 46109. First Dist., Div. Two. May 29, 1980.]

CITY OF SALINAS, Plaintiff and Appellant, v.
CHARLES M. HOMER et al., Defendants and Respondents.

[Civ. No. 46111. First Dist., Div. Two. May 29, 1980.]

CITY OF SALINAS, Plaintiff and Appellant, v.
RITA ANN STILLENS, Defendant and Respondent.

**308**

COUNSEL

Raymond M. Haight, City Attorney, and David M. Kennedy, Assistant City Attorney, for Plaintiff and Appellant.

Cominos, Shostak & Epstein, Theodore H. Cominos, Van Moy & Panelli, Allan C. Van Noy and Michael Panelli for Defendants and Respondents.

OPINION

ROUSE, J.—Plaintiff, the City of Salinas (City), appeals from portions of final condemnation orders entered in two eminent domain cases. The appeal pertains to an award of damages in each case in the amount of $2,000 for injury to the property retained by the landowners. The two actions were consolidated for trial and tried by the court, sitting without a jury. The court awarded defendants Charles and Susan Homer a total sum of $3,867.50 for parcel 3120 and defendant Rita Stillens a total sum of $2,847.50 for parcel 3111. Each of these amounts included legal interest and the $2,000 in question.

The facts are not in dispute. In an eminent domain proceeding, plaintiff sought to acquire fee simple title to various parcels of property on West Alisal Street in the City of Salinas for the purpose of widening the street. Parcels 3120 and 3111 are the subjects of this appeal. Defendants Homer are the owners of a larger parcel which includes parcel 3120, and defendant Stillens is the owner of a larger parcel which includes parcel 3111. The properties in question are used and occupied as single family residences.

The City's acquisition of fee simple title to parcels 3120 and 3111 was a partial taking of the residential property of defendants. The part taken from each property was a 60-foot frontage to a depth of 4.5 feet, which consisted of part of the existing front yards of the respective properties.

Prior to this street widening project, which would increase the traffic lanes from two to four lanes, the right-of-way from defendants' property line to the traveled portion of the right-of-way consisted of a two-foot strip of land used by defendants as a front yard, a four-foot sidewalk and a six-foot parkway strip.

The City's street widening project would eliminate the six-foot parkway strip and cause the sidewalk to be widened by two and one-half feet. Under the proposed project, the effect on defendants' property would be that one-half foot of the new sidewalk would be located on the north frontage of parcels 3120 and 3111 and the remaining four feet of these parcels would be used by the City for underground utilities and as part of defendants' front yards. Although the record shows that the City has the right to use the strip for purposes other than those described above, the City has no present or future plans to do so.

The taking of the property is not in issue. The court awarded defendants Homer compensation of $607.50 for the fair market value of parcel 3120, $1,200 for the cost of replacement of a garage door and $60 for lawn and concrete removed and not replaced. Likewise, the court awarded defendant Stillens compensation of $607.50 for the fair market value of parcel 3111, $180 for sprinkler heads removed and not replaced and $60 for lawn and concrete removed and not replaced.

The sole issue here is whether, pursuant to sections 1263.410 and 1263.420 of the Code of Civil Procedure, the court properly found that in each case the defendants were entitled to damages of $2,000 because they would be required to advise potential purchasers that the City owned the front four-foot strip of their property and that the City could in the future decide to use that strip for purposes other than underground utilities and a front lawn. Stated differently, potential purchasers would have to be informed that the City could convert the use of the strip to purposes less beneficial to the owners of the residential property.

Initially we must dispose of a minor contention raised by plaintiff. The City contends that, inasmuch as it was directed to prepare the findings of fact and conclusions of law in a manner consistent with the trial court's intended decision, it was not free to use its own judgment in preparing the text. Thus, the City asserts that it should not be held to the rule that a party may not complain of error which it has invited. (*Johnson v. Rich* (1957) 150 Cal.App.2d 740, 747 [310 P.2d 980].) We agree, and defendants do not contend otherwise.

Plaintiff's main theory, however, appears to be in error. City claims that the court's ruling with respect to the $2,000 award of damages was in error in that the record indicates that the City has no present or future plan to use the strip of land in question for any purpose other than that called for under the street widening project. However, the City appears to have misunderstood the trial court's statements to the effect that the award was not based upon some speculative or conjectural damage that might occur in the future, but rather upon a real and present injury.

As the court reasoned and defendants now contend, the City's right to change the use of the property places a cloud upon the property which reduces its appeal to prospective buyers and, thus, lowers the value of the property.

Section 1263.410, subdivision (a), of the Code of Civil Procedure, provides that "Where the property acquired is part of a larger parcel, in addition to the compensation awarded pursuant to Article 4...for the part taken, compensation shall be awarded for the injury, if any, to the remainder."

In addition, section 1263.420 provides that "Damage to the remainder is the damage, if any, caused to the remainder *by either* or both of the following: [¶] (a) The severance of the remainder from the part taken. [¶] (b) The construction and use of the project for which the property is taken in the manner proposed by the plaintiff whether or not the damage is caused by a portion of the project located on the part taken." (Italics added.)

Plaintiff first contends that there is no compensable damage under section 1263.420, since the law does not allow for any severance damage to the remainder in the instant situation. We disagree with this contention.

The fact that the City cites to the findings of fact to demonstrate that the trial court found no "severance damage," as such, is of no consequence. The trial court concluded, based upon all the testimony, that the remainder of the property would be diminished in value by $2,000. On this appeal, plaintiff has not questioned this amount nor the competency of the appraisers, but only contends that the $2,000 awards in fact constituted severance damages, however characterized by the trial court, and the awarding of such damages was error in light of the court's findings and the applicable law.

The trial court's findings, however, do not affect the correctness of its conclusion. The court concluded that the cloud placed upon the property because the City elected to take fee title to the property, rather than create an easement, did cause compensable damage to the remainder. "'...No rule of decision is better or more firmly established by authority, nor one resting upon a sounder basis of reason and propriety, than that a ruling or decision, itself correct in law, will not be disturbed on appeal merely because given for a wrong reason. If right upon any theory of the law applicable to the case, it must be sustained regardless of the considerations which may have moved the trial court to its conclusion.'" (*D'Amico* v. *Board of Medical Examiners* (1974) 11 Cal.3d 1, 19 [112 Cal.Rptr. 786, 520 P.2d 10], quoting *Davey* v. *Southern Pacific Co.* (1897) 116 Cal. 325, 329 [48 P. 117].)

The applicable law governing severance damages is not favorable to plaintiff. Plaintiff relies on *Ventura County Flood Control Dist. v. Security First Nat. Bank* (1971) 15 Cal.App.3d 996, 1002 [93 Cal.Rptr. 653], for the proposition that "[s]everance damages must be based upon real physical disturbance of a property right and a decrease in market value of the property rather than upon remote possibilities which are highly speculative and conjectural." Neither this case nor this proposition supports plaintiff's assertion in the instant situation. The damage in this case is a present damage. The fact that the City now holds fee title to the front four-foot strip of the property and has the right to modify the use of that property at any time will be considered by a prospective purchaser in determining the amount he is willing to pay for the remainder of the property. In *Ventura County Flood Control Dist., supra*, the court concluded that although loss of business, profits, and good will or future income are not compensable, the reduction of probable income from the operation of a lemon grove as a result of a taking of a number of cypress and eucalyptus trees that served as a windbreak, was compensable. The court based its decision on the fact that there was no question that the removal of the trees would have an adverse impact on the fair market value of the remainder. (*Ventura, supra*, at pp. 1000-1002.) Likewise, in this case, evidence adduced at trial indicated that the City's acquisition of fee title to the four-foot strip of land would cause a diminution in value to the remainder because the property owners would have to inform prospective buyers that the City had a right to change the use of the property. Such diminution in value constitutes a proper element of severance damages.

■ While this appears to be a case of first impression in that the law has generally recognized compensable items of severance damage to consist of impairment of light and air, impairment of view, invasion of privacy, and deprivation of access, the law is clear that where the property taken constitutes only a part of a larger parcel, the owner is entitled to recover, inter alia, the difference in the fair market value of his property in its "before" condition and the fair market value of the remaining portion thereof after the construction of the improvement on the portion taken. (*Ventura County Flood Control Dist. v. Security First Nat. Bank, supra*, 15 Cal.App.3d 996, 1002-1003, citing *Pierpont Inn, Inc. v. State of California* (1969) 70 Cal.2d 282, 295 [74 Cal.Rptr. 521, 449 P.2d 737].)

Plaintiff also relies on *People v. Adamson* (1953) 118 Cal.App.2d 714 [258 P.2d 1020], and *People v. Ayon* (1960) 54 Cal.2d 217 [5

Cal.Rptr. 151, 352 P.2d 519], for the proposition that a modification of a public improvement which is not part of the project as initially proposed may not be taken into account when assessing damages under section 1263.420 of the Code of Civil Procedure. Such reliance is misplaced. As discussed above, the damages here were not based upon a modification of a public improvement, but rather upon a cloud placed upon the property at the time of severance.

The facts and issues in the *Adamson* and *Ayon* cases are distinguishable. *Adamson* involved a request for damages based upon the possible change in location of the connection of a highway and a freeway. The issue pertained to speculative damages in the future, should the change occur. In *Ayon*, the appellants sought compensation for temporary interference with property rights which might result from the laborers' work on a construction project. They attempted to prove that the improvement could not be constructed in the manner and time proposed, and that as a result, unreasonable damages would occur. The trial court held that such evidence was too speculative, and the California Supreme Court affirmed.

In contrast, here the damages in question have resulted in an immediate decrease in market value. The trial court explained its ruling as follows: "[T]he damages I assessed were for the cloud which was placed upon the use of the property and the fact that prospective purchasers would have to be told that the City could use that property. It would take that away, which could cause, in my mind, a decrease in [*sic*] that in itself would have caused under the evidence a decrease in values. It had nothing to do with what would happen in the future."

Notwithstanding the court's explanation, plaintiff next contends that if there is a modification of the use of the property in question which will cause an interference with the property owners' rights, the property owners may then maintain a subsequent action for damages. (*People v. Ayon, supra,* 54 Cal.2d 217, 229.) While this assertion is accurate, it does not resolve the issue.

In the case of *Ellena v. State of California* (1977) 69 Cal.App.3d 245, 254 [138 Cal.Rptr. 110], the court stated: "A condemnation award must once and for all fix the damages that will reasonably occur by reason of the construction of the public improvements in the manner proposed. [Citations.] Where property has been taken by condemnation or acquired by deed, it must be assumed that the owner has been com-

pensated for all reasonably foreseeable damage to his property *resulting from the acquisition* and the construction of the proposed public improvements. [Citation.]" (Italics added.) As the trial court correctly pointed out, the damage in question would result from the acquisition by the City of fee simple title. The damage is not, as plaintiff contends, a future damage which would result only if the proposed plans were modified. Accordingly, if the damages of $2,000 each had not been awarded, defendants would be barred by the doctrines of res judicata and collateral estoppel from bringing a future action for this foreseeable damage. (*Ellena v. State of California, supra*, 69 Cal.App.3d 245, 254.)

In light of the court's findings and the applicable law, the trial court's award of damages was proper. The orders appealed from are affirmed.

Taylor, P. J., and Smith, J., concurred.