Filed 2/3/21  P. v. Patrick CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G057997 |
| v. | (Super. Ct. No. 09NF2376) |
| JIMMY RAY PATRICK, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of Orange County, Gary S. Paer, Judge.  Affirmed.

Barbara A. Smith, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

Appellant Jimmy Ray Patrick challenges an order denying his petition for resentencing under Senate Bill No. 1437 (SB 1437), which restricts the scope of vicarious liability for the crime of murder. The trial court ruled this restriction unlawfully amended Proposition 7 and Proposition 115 in violation of the California Constitution. We disagree with that conclusion. However, by its terms, SB 1437 applies only to those defendants who were convicted of murder. Because appellant was convicted of manslaughter, not murder, he is not entitled to resentencing relief pursuant to SB 1437. Therefore, we affirm the trial court's order denying his petition.

PROCEDURAL BACKGROUND

In 2011, appellant and two codefendants were charged with gang-related special circumstances murder. Appellant ended up pleading guilty to voluntary manslaughter with a firearm enhancement and was sentenced to 16 years in prison.

In 2019, appellant petitioned to have his conviction vacated and to be resentenced pursuant to SB 1437. In support of his petition, appellant alleged he did not personally kill the victim, and he could not be convicted of murder under the new rules respecting vicarious liability that were ushered in by SB 1437. The district attorney opposed the petition on multiple grounds. His principle argument was that SB 1437 violates the California Constitution by amending Proposition 7 and Proposition 115 without voter approval. He also contended appellant was statutorily ineligible for resentencing because he was convicted of manslaughter, as opposed to murder. The trial court denied appellant's petition on the first basis, without considering the second. It did not believe SB 1437 was constitutional, due to the various changes it made to the law of murder in this state.

DISCUSSION

Appellant contends the trial court erred in finding SB 1437 unconstitutional, and we agree. However, because appellant is ineligible for resentencing relief under SB 1437 as a matter of law, we affirm the trial court's ruling.

2

We need not dwell long on appellant's constitutional arguments. While the constitutionality of SB 1437 was an open question when the trial judge rendered his decision back in 2019, his position has never gained traction in this, or any other, appellate court. In fact, to date, no published Court of Appeal decision has found SB 1437 unconstitutional on the basis it contravenes the objectives of Proposition 7 or Proposition 115. (See *People v. Lombardo* (2020) 54 Cal.App.5th 553, 561; *People v. Lippert* (2020) 53 Cal.App.5th 304, 314; *People v. Nash* (2020) 52 Cal.App.5th 1041, 1053; *People v. Superior Court (Ferraro)* (2020) 51 Cal.App.5th 896, 902; *People v. Lopez* (2020) 51 Cal.App.5th 589, 594; *People v. Alaybue* (2020) 51 Cal.App.5th 207, 211; *People v. Johns* (2020) 50 Cal.App.5th 46, 54-55; *People v. Prado* (2020) 49 Cal.App.5th 480, 492; *People v. Smith* (2020) 49 Cal.App.5th 85, 91-92, rev. granted on other grounds, July 22, 2020, S262835; *People v. Bucio* (2020) 48 Cal.App.5th 300, 306; *People v. Solis* (2020) 46 Cal.App.5th 762; *People v. Cruz* (2020) 46 Cal.App.5th 740; *People v. Superior Court (Gooden)* (2019) 42 Cal.App.5th 270, 277; *People v. Lamoureux* (2019) 42 Cal.App.5th 241.) We see no reason to depart from that tide of precedent in this proceeding.

Nevertheless, the fact remains appellant was convicted of manslaughter, not murder. Although SB 1437 restricted the scope of liability for some aiders and abettors, the measure, as codified in section 1170.95, applies only to those defendants who were "convicted of first degree or second degree murder[.]" (Pen. Code, § 1170.95, subd. (a)(2).) Because appellant was not convicted of first or second degree murder, he is statutorily ineligible for resentencing relief. (*People v. Sanchez* (2020) 48 Cal.App.5th 914, 917-920; *People v. Turner* (2020) 45 Cal.App.5th 428, 435-436; *People v. Flores* (2020) 44 Cal.App.5th 985, 992-997; *People v. Cervantes* (2020) 44 Cal.App.5th 884, 887.)

Notwithstanding the nature of his conviction, appellant claims it is premature to draw any conclusions about his eligibility for resentencing. Given that the

trial court denied his petition on constitutional grounds only, he insists a remand is in order to permit the trial court to consider the merits of his petition in the first instance. But seeing that appellant is ineligible for resentencing relief *as a matter of law*, that would be a futile gesture. Appellant forgets that, as an appellate court, we review results, not reasoning: "'[A] ruling or decision, itself correct in law, will not be disturbed on appeal merely because given for a wrong reason.'" (*D'Amico v. Board of Medical Examiners* (1974) 11 Cal.3d 1, 19, 112, quoting *Davey v. Southern Pacific Co.* (1897) 116 Cal. 325, 329.) In denying appellant's petition for resentencing, the trial court employed faulty reasoning, but its ultimate conclusion was correct. Therefore, there is no basis to disturb the court's decision.

## DISPOSITION

The trial court's order denying appellant's petition for relief pursuant to SB 1437 is affirmed.


BEDSWORTH, ACTING P. J.

WE CONCUR:


MOORE, J.


THOMPSON, J.

4