Filed 7/16/25  P. v. Jordan CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

THE PEOPLE,

    Plaintiff and Respondent,

v.

JOE ANTHONY JORDAN,

    Defendant and Appellant.

E083810

(Super.Ct.No. FWV17002957)

OPINION

APPEAL from the Superior Court of San Bernardino County.  Ingrid Adamson Uhler, Judge.  (Retired Judge of the San Bernardino Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Michelle T. LiVecchi-Raufi, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Daniel B. Rogers and Christopher P. Beesley, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant and appellant Joe Anthony Jordan appeals from the trial court's order finding him ineligible for recall of his sentence and resentencing under Penal Code section 1172.75.[1] The trial court incorrectly believed defendant's enhanced penalty term or terms for two prior prison commitments (§ 667.5, subd. (b)) had been stayed. The record shows instead that at defendant's original sentencing, the trial court (a different bench officer) declined to impose sentence for either of defendant's prison priors. To the contrary, the court ordered the priors "stricken" because the prosecutor "did not go forward with those." Because the enhancements were stricken at the outset, and thus never imposed within the meaning of section 1172.75, the trial court's order denying defendant resentencing under the statute was correct, albeit for the wrong reason. Given that our review is de novo, we therefore affirm the order denying defendant recall and resentencing relief.

## BACKGROUND

A jury convicted defendant of first degree murder for killing Brian Lavon King in May 2017, outside of a nightclub, with malice aforethought. The jury found defendant personally and intentionally discharged a firearm resulting in death (§ 12022.53, subd. (d)) and that he committed the offense for the benefit of a criminal street gang (§ 186.22, subd. (b)). The jury also found defendant guilty of active participation in a criminal street gang (§ 186.22, subd. (a)) and unlawful possession of a firearm (§ 29800,

---

[1] All further statutory references are to the Penal Code unless noted otherwise.

subd. (a)(1)), finding further that the gang enhancement (§ 186.22, subd. (b)) applied to the possession offense.

In bifurcated proceedings, the court found true allegations that defendant had two prior felony strike convictions (§ 667, subds. (b)-(i)) and two prior serious felony convictions (§ 667, subd. (a)(1)).  The prosecutor also had alleged defendant served two prior prison terms within the meaning of section 667.5, subdivision (b), but stated at the hearing, "[W]e're not going to be moving forward on the 667.5(b) . . . prison priors."  The court expressly acknowledged the non-prosecution decision ["The Court accepts [the] People's indication"].

In August 2019, at defendant's sentencing hearing, the court imposed an indeterminate term of 125 years to life in prison, consecutive to a determinate 20-year term.  In relevant part as to the prison priors, the court stated that the prosecution "did not go forward . . . with the two, one-year prison priors, so those would not be part of the sentence."  Reiterating the point, the court stated "the two, one year priors . . . would not be imposed.  Counsel did not go forward with those."  The court inquired of the prosecutor and defendant's attorney, "Do you agree," and both responded, "Yes."  The court later expressly stated in relation to the prison priors, "The one-year enhancements are stricken."  Nevertheless, the minutes and the abstract of judgment both listed the prison priors as though they had been stayed.

In April 2024, a different judge (Hon. Ingrid A. Uhler) than the one who presided over defendant's trial and imposed his sentence (Hon. Katrina West) considered whether defendant was eligible for recall and resentencing under section 1172.75.  Following

3

what the court described as "a brief chambers conference" at which the court and counsel "reviewed [defendant's] sentencing petition," the court denied defendant relief under the statute. The court relied on *People v. Rhodius* (2023) 97 Cal.App.5th 38, review granted February 21, 2024, S283169.[2] The court cited as its rationale for denying defendant relief "the fact that the one-year priors under 667.5(b) were stayed at the time of sentencing." As such, the court concluded it lacked "jurisdiction for resentencing under the [original, Court of Appeal] *Rhodius* decision."

## DISCUSSION

Defendant asserts several arguments for reversal. First, he "asks this court to reconsider its holding in *Rhodius*." (Some caps. omitted.) Alternately, he argues section 1172.75's "Plain Language" does not exclude recall and resentencing relief for stricken prison priors. He contends further that the rule of lenity requires any ambiguity in the statute must be construed in his favor, and he argues that all of these alleged faults, singly or together, violated his right to due process. None of these contentions warrant reversal here.

---

[2] On the eve of circulating our tentative opinion in this matter to the parties, we paused briefly because the high court released its opinion in *Rhodius*, disagreeing with and reversing the appellate court's holding that recall and resentencing under section 1172.75 is not available when a prison prior enhancement has been stayed rather than executed. (*People v. Rhodius* (2025) __ Cal.5th __ (*Rhodius*).) The Supreme Court's holding in *Rhodius* does not alter our conclusion here, where defendant's prison prior enhancements were not stayed, but instead stricken altogether before they were ever imposed.

We begin with the statute.  Our review is de novo.  (*People v. Tang* (2025) 109 Cal.App.5th 1003, 105 (*Tang*) [a stricken enhancement is not "imposed" within the meaning of § 1172.75, as is necessary for relief under the statute.)

At the time of defendant's conviction and sentencing, "section 667.5, subdivision (b) required trial courts to impose a one-year sentence enhancement for each true finding on an allegation the defendant had served a separate prior prison term and had not remained free of custody for at least five years."  (*People v. Jennings* (2019) 42 Cal.App.5th 664, 681.)  Subsequently, section 1172.75 now provides, with an exception that is not applicable here:  "Any sentence enhancement that was *imposed* prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5 . . . is legally invalid."  (§ 1172.75, subd. (a), italics added; note:  the statute specifies that only prison prior enhancements "for a prior conviction for a sexually violent offense" remain valid.  (*Ibid.*).)

Critical to our analysis here, section 1172.75 further provides in express language a conditional trigger for recall and resentencing under the statute, namely:  only "*[i]f*" the superior court in which the defendant was sentenced "determines that the [defendant's] current judgment includes an enhancement described in subdivision (a)."  (§ 1172.75, subd. (c); see *id*., subd. (b) [specifying sentencing court as recall and resentencing venue].)  Stated again in relevant part, subdivision (c) of section 1172.75 provides:  "*If* the court determines that the *current judgment* includes an enhancement described in subdivision (a), the court shall recall the sentence and resentence the defendant."  (Italics

added.)  In reviewing statutory language, absent ambiguity, "[t]he statute's plain meaning controls."  (*People v. Gonzalez* (2008) 43 Cal.4th 1118, 1126.)

Given the record here, it is clear under section 1172.75, subdivision (c)'s conditional language that defendant is not eligible for recall and resentencing under the statute.  The record leaves no doubt that the trial court, in its own words, determined defendant's two prison priors "would not be imposed," but were instead "stricken" because, as both counsel acknowledged and affirmed, the prosecutor "did not go forward with those."  In this posture, nothing in defendant's "current judgment" qualified him for recall of his sentence and resentencing.  (§ 1172.75, subd. (c).)  In other words, no section 667.5, subdivision (b), enhancement, or enhancements remained "imposed" under section 1172.75 because they had been stricken—indeed, they were never imposed at all.

The *Tang* court reached the same conclusion that a defendant is ineligible for resentencing when a prison prior cannot be deemed "imposed" under the statute because it has been stricken.  The *Tang* court cautioned, "The proper interpretation of section 1172.75 is the subject of conflicting published appellate opinions and is under review by our Supreme Court."  (*Tang*, *supra*, 109 Cal.App.5th at p. 107.)  We set out those decisions in the margin,[3] but as *Tang* also observed, "none of those cases involved an enhancement that was stricken."  (*Ibid*.)

---

[3]  Cases pending review regarding recall and resentencing eligibility under section 1172.75 at the time the high court decided *Rhodius* included, in addition to the underlying Court of Appeal decision:  *People v. Christianson* (2023) 97 Cal.App.5th 300, rev. granted Feb. 21, 2024, S283189; *People v. Saldana* (2023) 97 Cal.App.5th 1270, rev. granted March 12, 2024, S283547; *People v. Mayberry* (2024) 102 Cal.App.5th 665,

*[footnote continued on next page]*

In *Tang*, the appellate court there previously on direct review of the defendant's conviction and sentence applied Supreme Court precedent to modify the judgment to strike the defendant's prison prior enhancement that the trial court had imposed but stayed at the defendant's original sentencing. (*Tang*, *supra*, 109 Cal.App.5th at p. 1008, [applying *People v. Jones* (1993) 5 Cal.4th 1142, 1153].) *Tang* noted that, in the decades between the defendant's direct appeal and the trial court's subsequent consideration of whether the defendant was eligible for relief under section 1172.75, "[t]he abstract of judgment was apparently not amended to reflect our modification of the judgment." (*Tang*, at p. 1009.) As a result, the California Department of Corrections and Rehabilitation, acting under section 1172.75, subdivision (b), as appears to have been the case here, "identified an imposed enhancement." (*Tang*, at p. 1009.) The trial court at the underlying section 1172.75 hearing in *Tang*, however, determined as part of "the verification stage" required by section 1172.75, subdivision (c), that "the judgment did not include a qualifying enhancement because it had been stricken on appeal, despite what the pre-appeal abstract of judgment showed." (*Tang*, at p. 1009.) *Tang* upheld the trial court's conclusion that the defendant was not eligible for resentencing. The appellate court reasoned that, once the defendant's previously stayed prison prior enhancement had been stricken following the defendant's direct appeal, "[i]t would be

---

rev. granted Aug. 14, 2024, S285853; and *People v. Espino* (2024) 104 Cal.App.5th 188, rev. granted Oct. 23, 2024, S286987. The Supreme Court in *Rhodius* expressly declined to reach the issue presented here, i.e., whether section 1172.75 applies "when an enhancement, not just its associated punishment, was stricken." (*Rhodius*, *supra*, __ Cal.5th __, __, fn. 2.) *Rhodius* therefore does not affect our analysis here.

anomalous to conclude that an enhancement was both imposed by and stricken from the judgment," within the meaning of "imposed" in section 1172.75. (*Tang*, at p. 1008.)

*Tang* expressly rejected, as do we, the identical argument defendant makes here in relying on an erroneous abstract of judgment. Defendant asserts: "Unquestionably, the prison priors were imposed, as reflected by the abstract of judgment, and therefore must be stricken now," with defendant "further . . . entitled to a full resentencing hearing pursuant to section 1172.75, subdivision (d)." Not so. Contrary to defendant's assertion: "The statute and the legislative history refer to whether the judgment, not the abstract of judgment, includes a prison prior enhancement. (See § 1172.75, subds. (b) & (c); Sen. Rules Com., Off. of Sen. Floor Analyses, Rep. on Sen. Bill 483 (2021-2022 Reg. Sess.) as amended Sept. 1, 2021, p. 3.)" (*Tang*, *supra*, 109 Cal.App.5th at p. 1009.)

Moreover, a sentencing court's oral pronouncement controls over what may be reflected—erroneously—in a written memorandum of the court's order. As the Supreme Court has explained, "An abstract of judgment is not the judgment of conviction; it does not control if different from the trial court's oral judgment and may not add to or modify the judgment it purports to digest or summarize." (*People v. Mitchell* (2001) 26 Cal.4th 181, 185.) The record establishes as a matter of law that defendant was ineligible for recall and resentencing, given that potential enhancement terms for his prior prison commitments were never imposed, but rather stricken. Rulings that are correct on any ground must be affirmed, whether or not the trial court's given reasoning is erroneous. (*People v. Koontz* (2002) 27 Cal.4th 1041, 1075-1076, fn. 4 ["we review the correctness of the trial court's ruling, not the reasons underlying it"]; accord, *Hendy v. Losse* (1991)

8

54 Cal.3d 723, 742; *Davey v. Southern Pacific Co.* (1897) 116 Cal. 325, 329-330.) No factual disputes or matters for the trial court to resolve in the first instance require a different conclusion.

## DISPOSITION

The trial court's order finding defendant ineligible for recall of his sentence and resentencing under section 1172.75 is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER _____

J.

We concur:

RAMIREZ _____

P. J.

CODRINGTON _____

J.