[Civ. No. 14400. Fourth Dist., Div. One. July 9, 1975.]

SAM STANSON, Plaintiff and Appellant, v.
EDMOND G. BROWN, JR., as Governor,
etc., et al., Defendants and Respondents.

## COUNSEL

Sam Stanson, in pro. per., for Plaintiff and Appellant.

Evelle J. Younger, Attorney General, Clayton P. Roche and Charlton G. Holland, Deputy Attorneys General, for Defendants and Respondents.

## OPINION

**THE COURT.***—Sam Stanson appeals a judgment of dismissal entered after a demurrer to his complaint was granted without leave to amend.

---

*Before Brown (Gerald), P. J., Ault, J., and Coughlin, J.†

†Retired Associate Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.

Stanson challenged the passage of the State Beach, Park, Recreational and Historical Facilities Bond Act of 1974 (Bond Act) (Pub. Resources Code, §§ 5096.71-5096.100). The Bond Act was presented to' the electorate in June 1974 as Proposition 1 pursuant to California Constitution, article XVI, section 1. The proposition passed by a margin of 885,317 votes, with a total of 4,460,431 votes cast on the measure.

In his complaint Stanson alleged the Director of Parks and Recreation improperly spent public monies to promote passage of the Bond Act and requested the trial court set aside the election and enjoin the State Treasurer from issuing any bonds under the Act. Specifically, Stanson alleged the Parks and Recreation Director (1) authorized the expenditure of public funds to promote public support for the bond issue, (2) made speeches supporting the issue, (3) misstated the capacity of the proposed park facilities, and (4) misstated budgetary figures of his department relating to planning and park acquisition (thus misleading the public as to the real need for the Bond Act). The trial court found no cause of action was stated and sustained a demurrer without leave to amend.

On appeal Stanson contends the complaint states a cause of action to set aside the election and to enjoin bond issuance.

Stanson has the burden to show either the demurrer was sustained erroneously or that to sustain the demurrer without leave to amend constitutes an abuse of discretion (*Hilton* v. *Board of Supervisors,* 7 Cal.App.3d 708, 716 [86 Cal.Rptr. 754]). All allegations are taken as true even though their proof appears unlikely (*Shaeffer* v. *State of California,* 3 Cal.App.3d 348, 354-355 [83 Cal.Rptr. 347]).

The complaint is grounded in Elections Code section 20021, subdivision (c) which sets forth the factors required to challenge an election. Assuming its applicability to the issues here, to state a cause of action Stanson must have alleged the Parks and Recreation Director either offered bribes or rewards to secure passage of the Bond Act or committed any of the acts proscribed in section 12000 through 12057 inclusive and section 29000 through 29432 inclusive. These are penal provisions proscribing, as examples, bribery for the purpose of influencing voters (§ 29130, § 12003), offers of employment to influence votes (§ 12004), fraudulent voting or procurement of fraudulent votes (§ 29430, § 29431). In addition, Stanson must have alleged that but for those acts of the director, 442,695 voters would have voted differently, thus changing the outcome of the election (*Canales* v. *City of Alviso,* 3 Cal.3d 118,

129-133 [89 Cal.Rptr. 601, 474 P.2d 417]; see *Willburn* v. *Wixson,* 37 Cal.App.3d 730, 738 [112 Cal.Rptr. 620]; Elec. Code, § 20024).

Stanson failed to allege facts or conduct proscribed by section 20021, subdivision (c); he did not allege the causation element required by *Canales,* nor facts to support his prayer to enjoin the Treasurer (see Code Civ. Proc., § 526). The complaint being deficient in these respects, the trial court correctly sustained the demurrer on the ground it did not state a cause of action.

The trial court also correctly denied leave to amend the complaint. The director's involvement in the election, as outlined by Stanson, was well within the scope of his authority as outlined by law. (See Pub. Resources Code §§ 501, 504, 512, 513.) While the Bond Act would not be effective until approved by the people, both houses of the Legislature passed the measure by the required two-thirds vote and it had been approved by the Governor. The director's actions were expressive of both his statutory duty to improve and to publicize the state park system. Stanson has not proposed, either in the trial court or on appeal, any amendments which would state a cause of action against the named parties. This being the case, he has failed to demonstrate an abuse of discretion by the trial court in not allowing leave to amend (*Hilton* v. *Board of Supervisors, supra,* 7 Cal.App.3d 708, 716).

Judgment affirmed.

Appellant's petition for a hearing by the Supreme Court was denied September 4, 1975.