[Civ. No. 58458. Second Dist., Div. Three. Jan. 26, 1981.]

DENNIS HALE, JR., Plaintiff and Appellant, v.
ROBERT C. FARRELL, Defendant and Respondent.

COUNSEL

Dobbs & Nielsen, Dana W. Reed and Kenneth W. Drake for Plaintiff and Appellant.

Laidley & Lawson and Pierpont M. Laidley for Defendant and Respondent.

OPINION

**COBEY, Acting P. J.**—Contestant, Dennis Hale, Jr., appeals from a judgment of dismissal (Code Civ. Proc., § 581d) of his election contest

rendered pursuant to Code of Civil Procedure section 581, subdivision (3), following the trial court's sustaining, without leave to amend, the demurrer of defendant, Los Angeles City Councilman (Eighth District), Robert C. Farrell, as to both grounds of contest set forth in contestant's statement of contest of defendant's election on April 3, 1979.

The grounds of contest were that Farrell did not reside in his councilmanic district as required by section 307 of the Los Angeles City Charter and that he had violated Elections Code section 20021, subdivision (c), by awarding a majority of the members of the precinct boards within his councilmanic district certificates of merit, presumably issued by him.

The grounds for defendant's successful demurrer were: (1) with respect to the first ground of contest, that contestant had a preelection action pending against defendant (C 277315) based upon the same non-residency claim (see Code Civ. Proc., § 430.10, subd. (c)), and (2) as regards the second ground of contest, that contestant had not stated facts sufficient to constitute a cause of action because he had not stated that by reason of the giving of the certificates of merit to a majority of the precinct board members, the results of the councilmanic election were actually affected. (See Code Civ. Proc., § 430.10, subd. (e).)

For reasons that follow, we intend to reverse the dismissal of this contest but affirm the sustaining of the general demurrer to its second ground.

#### DISCUSSION

1. *The contest should not have been dismissed.*

Elections Code section 20085 provides in pertinent part that in the determination of election contests the trial court shall be governed by rules of law governing the determination of questions of law. One such rule is that the only relief to which a litigant is entitled upon a successful demurrer based upon the pendency of another action between the same parties on the same cause of action, is an order that the second proceeding abate.[1] (See *Lord* v. *Garland* (1946) 27 Cal.2d 840, 851

---

[1]The fact that the contested election occurred between the commencement of the first action and the initiation of this contest affects primarily the relief that may now be granted and does not affect the essential identity of the parties and of the nonresi-

[168 P.2d 5]; *Childs* v. *Eltinge* (1973) 29 Cal.App.3d 843, 848 [105 Cal.Rptr. 864]; *Shuffer* v. *Board of Trustees* (1977) 67 Cal.App.3d 208, 217 [136 Cal.Rptr. 527].)

2. ██ *There is no cause of action stated in the second ground of contest.*

In pertinent part Elections Code section 20021, subdivision (c), proscribes the giving to any member of a precinct board of any bribe or reward or offering any such bribe or reward for the purpose of procuring a candidate's election. Contestant alleged that on or about March 17, 1979, defendant invited, by letter, the 400 members of the precinct board within his councilmanic district to presumably a reception at the Epworth Community Center and that a majority of such members attended the reception where defendant praised them and presented them with certificates of merit, presumably issued by him.

We do not think that this conduct on defendant's part can reasonably be deemed to be the giving of a bribe or reward to a majority of the precinct board members within his councilmanic district within the meaning of this statutory subdivision. It is true that the phrase "for the purpose of procuring his election" appears only in the offer part of the subdivision and not in the gift portion thereof, but as a matter of common sense we believe that this requirement should be read into the gift portion as well since this is obviously the kind of bribe or reward that the statute seeks to prohibit. Additionally, the awarding of certificates of merit appears to us to be a de minimis matter. We cannot conceive of a board member failing to perform his official duties properly because of such a reward and in this connection we note that no malconduct on the part of any of the members of the precinct boards involved is alleged.

The trial court rested its sustaining of this portion of defendant's demurrer on another basis. It apparently held that in order for a

dency causes of action. (See Code Civ. Proc., § 430.10, subd. (c); *Colvig* v. *RKO General, Inc.* (1965) 232 Cal.App.2d 56, 70-71 [42 Cal.Rptr. 473].)

We note, though, in this regard that the grounds of contest statute, the aforementioned Elections Code, section 20021, specifies that the relevant time of eligibility to the involved office is "the time of the election" and that this specification with respect to eligibility prevails over the inconsistent requirement of Los Angeles City Charter section 307. (See *Powers* v. *Hitchcock* (1900) 129 Cal. 325, 327 [61 P. 1076].) We suppose that in view of the intervening election the nonresidency cause of action in the first action must be so amended to conform to prevailing state law in this respect or be treated as if it were.

contestant to state sufficiently a ground of contest under this subdivision, the contestant must state that the proscribed act affected the result of the election. This undoubtedly is the law as regards ballot measure elections. (See *Canales* v. *City of Alviso* (1970) 3 Cal.3d 118, 130 [89 Cal.Rptr. 601, 474 P.2d 417]; *Stanson* v. *Brown* (1975) 49 Cal.App.3d 812, 814-815 [122 Cal.Rptr. 862].) It is questionable, though, whether such is now the law with respect to this type of misconduct in candidate elections. As our Supreme Court expressly recognized in *Canales*, there is no such statutory requirement (*Canales* at p. 130) and Elections Code section 20023, specifying such a requirement in the case of malconduct on the part of any precinct board or member thereof, read literally, applies only to elections held "for an office exercised in and for a county," which defendant's office obviously is not. In fact, in *Canales* our Supreme Court expressly refrained from deciding whether a showing by a preponderance of evidence that a candidate violated Elections Code section 20021, subdivision (c), would be sufficient to invalidate an election, absent both a conviction and a demonstration that the misdeeds determined the result of the election. (*Canales* at p. 130, fn. 5.) In this connection we note that apparently defendant won reelection as a councilman in the contested election by about 70 percent of the votes cast.

DISPOSITION

The judgment of dismissal under appeal is reversed. The interlocutory order sustaining defendant's demurrer to the second ground of contest, the alleged violation of Elections Code section 20021, subdivision (c), is, however, affirmed. Each party to this appeal will bear his own costs on appeal.

Allport, J., and Potter, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied March 25, 1981. Bird, C. J., was of the opinion that the petition should be granted.