Filed 7/22/13  Young v. County of Tuolumne CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| DEBORAH YOUNG,<br><br>        Plaintiff and Appellant,<br><br>        v.<br><br>COUNTY OF TUOLUMNE,<br><br>        Defendant and Respondent. | F065486<br><br>(Super. Ct. No. CV56819)<br><br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Tuolumne County.  Donald Segerstrom, Judge.

Abronson Law Offices, Louis S. Abronson and Shelby L. Clark, for Plaintiff and Appellant.

Anwyl Scoffield & Stepp, James T. Anwyl and Lynn A. Garcia, for Defendant and Respondent.

-ooOoo-

Plaintiff Deborah Young appeals from the judgment entered in favor of defendant County of Tuolumne (County) after a demurrer to her third amended complaint (TAC) was sustained without leave to amend.  Young asserts the trial court erred in sustaining the demurrer to her single cause of action for violation of 42 United States Code section

1983 (section 1983) because she adequately alleged the County acted with deliberate indifference when she, as a criminal detainee, was issued clothing and shoes that were too large for her, jail employees did not rectify the problem when she complained, and she subsequently was injured when she fell.  As we conclude Young has failed to show prejudicial error, we affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

On appeal from a judgment of dismissal entered after a demurrer is sustained without leave to amend, we assume the truth of all facts properly pleaded in order to determine whether a cause of action is stated.  (*Howard Jarvis Taxpayers Assn. v. City of La Habra* (2001) 25 Cal.4th 809, 814; *Morillion v. Royal Packing Co.* (2000) 22 Cal.4th 575, 579.)  We do not, however, assume the truth of contentions, deductions or conclusions of fact or law.  (*Moore v. Regents of University of California* (1990) 51 Cal.3d 120, 125.)  In accordance with these rules, we recite the facts as taken from the TAC.

On June 1, 2011, Young turned herself in to the County sheriff on a pending criminal matter.  When she was detained, she was issued an oversized uniform and a pair of shoes that were approximately three sizes too big.  She told "several individuals working at the jail" she was having difficulty walking in the shoes, as they were too big.  She also complained about the shoes to jail staff and transport deputies at least four additional times before June 6, 2011, but her complaints were ignored.

On June 6, 2011, Young attended a hearing at the County courthouse "wearing the oversize[d] uniform, oversize[d] shoes, handcuffs, and ankle shackles required by her custodians."  Young told her "custodians" she was having difficulty walking in the shoes, but her concerns were ignored.  As jail guards led Young down the courthouse steps in a line of prisoners with a guard at each end of the line, Young tripped and fell down approximately eight steps, striking her head.  Her skull was fractured and she sustained numerous other injuries.  Young fell because she was unable to successfully navigate the

steps in the oversized shoes and clothes while in shackles and handcuffs, all of which hampered her and made it more difficult to keep her balance. The oversized shoes also caused her to lose her footing and fall.

Young's original complaint alleged a single cause of action for negligence against the County. The County demurred on the grounds it could not be liable for a common law cause of action and was immune from liability pursuant to state law. Instead of opposing the demurrer, Young filed a first amended complaint which changed the theory of liability to a violation of section 1983 and added as a defendant the "County of Tuolumne Department of Correction." The County demurred to the first amended complaint, which the trial court sustained with leave to amend. Young filed a second amended complaint, to which the County again demurred on the ground that she failed to plead a viable claim for a violation of section 1983 against the County. The trial court sustained the demurrer with leave to amend.

Young then filed the TAC against the County and the "County of Tuolumne Department of Correction."[1] She alleges that her complaints about the oversized clothes and shoes were "adequately conveyed to make a reasonable person aware that walking in the oversized shoes posed . . . a significant risk of losing her footing and falling, and that wearing the oversized clothes hampered [Young]'s movement." She also alleges the County had policies and customs of (1) "refusing to issue properly fitting shoes and clothes to detainees of her size when requested to do so, even when informed that the improperly fitting shoes pose a significant risk of falling and that the improperly fitting clothes hamper the detainee's movement[,]" and (2) "requiring detainees and prisoners to navigate [] stairs while wearing handcuffs and ankle shackles without regard to whether the County has required such detainees and prisoners to also wear poorly fitting

---

[1] According to the County, the identity of this entity is unknown, as the County does not have any such department.

clothes and shoes, despite the obvious risk that such prisoners will fall on the stairs and be severely injured."

In her single cause of action for violation of section 1983, Young alleges that, by placing her in jeopardy of falling with conscious awareness of the risk of such a fall, "Defendants," acting in the performance of their official duties, acted with deliberate indifference to both her "personal security rights, and a high risk of serious harm" to her, and "deprived her of her rights, privileges, or immunities secured by the Fourteenth Amendment to the United States Constitution, including but not limited to her personal security rights, by placing her in physical jeopardy and depriving her of the means to avoid harm." She asserts she suffered multiple physical injuries as a direct and proximate result of (1) "Defendants' reckless conduct tantamount to a desire to inflict harm" on her, and (2) "Defendants' official policies and customs." Finally, she alleges the "foregoing conduct constituted cruel and unusual punishment and deprivation of due process" in violation of her rights under the Fourteenth Amendment of the United States Constitution and in violation of section 1983.

The County demurred to the TAC both specially and generally on the grounds it was uncertain and failed to state facts sufficient to constitute a cause of action under section 1983. (Code Civ. Proc., §§ 430.10, subd. (e) & (f), 430.30, subd. (a).) The County contended the TAC failed to state facts sufficient to constitute a cause of action under section 1983 because Young failed to allege: (1) a viable deprivation of a federal right, as the Eight Amendment prohibition against cruel and unusual punishment does not apply to detainees and the issuance of "ill-fitting" clothing does not implicate personal security rights; (2) facts suggesting the County adopted "any type of unconstitutional policy" or a policy that is causally connected to her injuries; and (3) facts linking County policy to the alleged misconduct of its employees. The County asserted the TAC was uncertain as it contained conclusory allegations that were not supported by specific factual allegations. The County asked the trial court to sustain the demurrer without

4.

leave to amend because Young had been given four opportunities to state a claim against the County, yet failed to do so, thereby establishing there was no reasonable possibility to cure the complaint.

In Young's written opposition to the demurrer, she asserted she stated a claim under section 1983, as the complaint alleged: (1) a violation of specific federal rights, namely her personal security rights and right not to be subject to cruel and unusual punishment as a detainee under the Fourteenth Amendment, based on the issuance of improperly fitting clothing and shoes, and the subsequent refusal to provide correct sized clothing and shoes when the danger was made apparent; (2) unconstitutional policies and customs regarding the issuance of clothing, and movement of handcuffed and shackled detainees on stairs, in a manner likely to cause a fall; and (3) the link between the alleged actions of the County's employees to the County's policies and customs. Young argued the TAC was not subject to general or special demurrer, as the TAC's allegations sufficiently enabled the County to reasonably determine the issues. Young requested leave to amend the TAC should the trial court sustain the demurrer, as she claimed she had shown a reasonable possibility the defect could be cured by amendment.

The County filed a reply, in which it argued there is no authority to support extending the right to personal security under the Fourteenth Amendment to the negligent provision of ill-fitting clothing which creates a risk of falling. The County further argued the policy allegedly violated was not unconstitutional and Young failed to allege facts showing (1) that her treatment was not simply an isolated incident, (2) a causal connection between the policy and her accident, or (3) that the procedure the County used was so inadequate that the policymakers at the County reasonably could be said to be deliberately indifferent to the need to adopt other policies.

The trial court sustained the special and general demurrer to the TAC without leave to amend. A judgment of dismissal was entered on June 13, 2012.

DISCUSSION

A general demurrer presents the same question to the appellate court as to the trial court, namely, whether the plaintiff has alleged sufficient facts in the complaint to justify relief on any legal theory. (*Service by Medallion, Inc. v. Clorox Co.* (1996) 44 Cal.App.4th 1807, 1811-1812.) The "complaint must be liberally construed to afford plaintiff [his or] her day in court and render substantial justice between the parties." (*Cooper v. National Railroad Passenger Corp.* (1975) 45 Cal.App.3d 389, 393, disapproved on other grounds in *Ewing v. Cloverleaf Bowl* (1978) 20 Cal.3d 389, 401, fn. 8.) A demurrer is properly granted when the pleadings fail to state facts sufficient to constitute a cause of action. (Code Civ. Proc., § 430.10, subd. (e).) Regardless of the label attached to the cause of action, the court must examine the complaint's factual allegations to determine whether they state a cause of action on any available legal theory. (*Wolfe v. State Farm Fire & Casualty Ins. Co.* (1996) 46 Cal.App.4th 554, 560.) It is an appellant's burden, however, to demonstrate the trial court sustained the demurrer erroneously. (*Smith v. County of Kern* (1993) 20 Cal.App.4th 1826, 1829-1830.)

When a demurrer has been properly sustained and leave to amend the pleading has been denied, "we decide whether there is a reasonable possibility that the defect can be cured by amendment: if it can be, the trial court has abused its discretion and we reverse; if not, there has been no abuse of discretion and we affirm. [Citations.] The burden of proving such reasonable possibility is squarely on the plaintiff." (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318 (*Blank*).)

In her opening brief, Young asserts she alleged sufficient facts to overcome the County's demurrer. Specifically, she contends the TAC alleges the deprivation of a specific federal right, namely a pretrial detainee's right to personal security, and that the County acted with deliberate indifference when, while under the "Defendants' exclusive control," she was placed in "significant physical jeopardy," about which she repeatedly warned, yet "they refused to respond to her warnings," which led to her injuries. She

asserts her case is comparable to *Redman v. County of San Diego* (9th Cir. 1991) 942 F.2d 1435 (*Redman*), in which the Ninth Circuit Court of Appeals reversed in part the district court's directed verdict on a pretrial detainee's section 1983 claim against jail officials and the county for violations of his personal security interests when he was sexually assaulted by his cellmate and other inmates while in the county jail. (*Redman*, *supra*, 942 F.2d at pp. 1437-1439.) The appellate court held that to establish a violation of their personal security interests, pretrial detainees must establish the jail officials acted with deliberate indifference. (*Id.* at p. 1443.)

Whatever merit there may be in her argument, we need not address it. This is because, even if she is correct that the TAC complaint alleges sufficient facts to show "deliberate indifference on the part of Defendants," we could not reverse the trial court's ruling because that decision may be supported by the other ground the County relied upon in its demurrer and as to which Young has raised no cognizable issue on this appeal.

In order to secure the reversal of an adverse judgment, it is not enough for the appellant to establish that the trial court committed some error during the course of the proceedings under review. The appellant must also affirmatively demonstrate that the error complained of caused injury and was therefore prejudicial. (Cal. Const., art. VI, § 13; Code Civ. Proc., § 475; *People v. Watson* (1956) 46 Cal.2d 818, 835-836 (*Watson*); *Tupman v. Haberkern* (1929) 208 Cal. 256, 263 (*Tupman*); *Waller v. TJD, Inc.* (1993) 12 Cal.App.4th 830, 833 (*Waller*); *Robbins v. Los Angeles Unified School Dist.* (1992) 3 Cal.App.4th 313, 318.) In other words, prejudice is not presumed from error, and the reviewing court is obliged to declare "whether the error found to exist has resulted in a miscarriage of justice, and not to reverse the judgment unless such error be prejudicial." (*Tupman*, *supra*, at p. 263.) Prejudice is established when the reviewing court "is of the 'opinion' that it is reasonably probable that a result more favorable to the appealing party would have been reached in the absence of the error." (*Watson*, *supra*, at p. 836; *Waller*,

7.

*supra*, at p. 833.)  This principle has been a part of the law of California since 1914.  (9 Witkin, Cal. Procedure (4th ed. 1997) Appeal, § 408, pp. 459-460.)

Here, in addition to contending the demurrer should be sustained based on Young's failure to allege the deprivation of a viable federal constitutional right, the County raised another ground for sustaining the demurrer, namely that Young failed to allege sufficient facts to impose liability on the County for the jail employees' acts.[2]  This ground constituted an independent potential basis for sustaining the demurrer and, if determined to be a legitimate ground, would validate the trial court's ultimate determination that the demurrer should be sustained.  There is nothing in Young's briefs which raises any appellate issue with respect to this alternate ground; Young makes no contention the ground was legally unsound or otherwise would not have supported, standing alone, a ruling in the County's favor.

We will not speculate about the merits of this other ground the County raised in its demurrer.  It is Young's responsibility on appeal from a judgment entered after a demurrer has been sustained to affirmatively demonstrate that the judgment must be reversed, including to show that the purported error was prejudicial.  (See *Magan v.*

---

[2] While the County cannot be held liable under the theory of respondeat superior for injuries caused by its employees or agents, it may be held responsible for harm caused by its employees carrying out a local government custom or policy.  (*Monell v. New York City Dept. of Social Services* (1978) 436 U.S. 658, 690, 694; accord, *Kentucky v. Graham* (1985) 473 U.S. 159, 165; see also *County of Los Angeles v. Superior Court* (1998) 68 Cal.App.4th 1166, 1171.)  "A plaintiff may demonstrate liability by proving that a [county] employee committed the alleged violations pursuant to the [county]'s official policy or custom.  [Citations.]  Alternatively, a plaintiff may show that, rather than being the product of general official policy, on a given occasion the conduct was the result of 'a deliberate choice . . . made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question.'  [Citations.]  Finally, a plaintiff may show that an official policymaker either delegated policymaking authority to a subordinate or ratified a subordinate's decision, approving the 'decision and the basis for it.'"  (*Fuller v. City of Oakland, Cal.* (9th Cir. 1995) 47 F.3d 1522, 1534; accord, *Trevino v. Gates* (9th Cir. 1996) 99 F.3d 911, 918.)

*County of Kings* (2002) 105 Cal.App.4th 468, 477, fn. 4; *Stanson v. Brown* (1975) 49 Cal.App.3d 812, 814.)  We will not scour the record for the parties' benefit in order to find and then articulate arguments they did not expressly present.  Young's failure to incorporate into her brief any argument or authorities that establish the lack of merit of the other ground for the County's demurrer means she has not demonstrated she was prejudiced by the error she claims the trial court made.  Put differently, even if the trial court was wrong in making the finding she challenges, she has not affirmatively shown that the other grounds for the demurrer do not require the same result.  (See *Davey v. Southern Pacific Co.* (1897) 116 Cal. 325, 329; *Tupman*, *supra*, 208 Cal. at p. 263; see also *Brokopp v. Ford Motor Co.* (1977) 71 Cal.App.3d 841, 853-854.)

Young also asserts the trial court abused its discretion by refusing her leave to amend.  Young, however, makes no attempt to explain how the TAC could be amended to cure any defect and therefore fails to meet her appellate burden.  (*Blank*, *supra*, 39 Cal.3d at p. 318 [burden is on appellant to show reasonable possibility of curing defect].)

## DISPOSITION

The trial court's judgment is affirmed.  Costs on appeal are awarded to Respondent.

_____
Gomes, Acting P.J.

WE CONCUR:


_____
Poochigian, J.


_____
Detjen, J.

9.