Filed 9/23/15  Werner v. OneWest Bank Group CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| LLEWELLYN C. WERNER, AS TRUSTEE OF THE WERNER LIVING TRUST DATED 1/28/99,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>ONEWEST BANK GROUP, LLC, et al.,<br><br>    Defendants and Respondents. | 2d Civil No. B260032<br>(Super. Ct. No. 56-2013-00444503-CU-CO-VTA)<br>(Ventura County) |

Llewellyn C. Werner, as Trustee of the Werner Living Trust dated 1/28/99, appeals from the judgment entered in favor of respondents OneWest Bank Group, LLC, and Deutsche Bank National Trust Company.  The judgment was entered after the trial court had sustained respondents' demurrer without leave to amend.  Appellant contends that the trial court erroneously concluded that he had failed to state causes of action for breach of an agreement to postpone a foreclosure sale and for negligently misrepresenting that the foreclosure sale would be postponed.  We affirm.

*Facts*

Our summary of the facts is based on appellant's first amended complaint and attached exhibits.[1] Respondents refer to a second amended complaint, but the record on appeal contains no such document. We disregard the section in respondents' brief entitled "Statement of the Case." This section summarizes facts contained in documents that respondents asked the trial court to judicially notice. The court denied the request for judicial notice, and the documents are not included in the record on appeal.

Appellant purchased two single family residences: one on Ocean Drive in Oxnard (the Ocean Drive Property) and the other on Calle Madrid in Rowland Heights (the Calle Madrid Property). Loans for the properties were secured by deeds of trust in favor of IndyMac Bank. In 2009 respondent OneWest Bank acquired IndyMac Bank's loan portfolio. In February 2011 the beneficial interest in the first deed of trust on the Ocean Drive Property was assigned to respondent Deutsche Bank.

Appellant fell behind on the loan payments. On July 10, 2012, appellant and Nicholas Deal of IndyMac Mortgage Services, a division of OneWest Bank, orally agreed that appellant "would put the Calle Madrid Property up for sale and use the proceeds to bring the loan on the Ocean Drive Property current." Appellant wrote a letter to Deal confirming the agreement. He asked Deal to "please make sure foreclosure proceedings are not commenced on either property as this will complicate our lives."

On April 18, 2013, Deal sent an email to appellant offering him "a 3 month Forbearance Plan while you attempt to sell your home [the Calle Madrid Property]." The forbearance plan required appellant to make three payments, each in the amount of $1,500. The payments were due on April 23, May 15, and June 15, 2013. Appellant accepted the offer. On April 22, 2013, he sent to Deal the signed forbearance agreement

---

[1] In violation of rule 8.204(a)(2)(C) of the California Rules of Court, appellant's opening brief does not "[p]rovide a summary of the significant facts." (***Ibid***.) We elect to "[d]isregard the noncompliance." (***Id***., rule 8.204(e)(2)(C).) In view of appellant's omission of a summary of the facts, he "cannot be heard to complain that we have overlooked any . . . material facts. [Citation.]" (*Lopez v. C.G.M. Development Inc.* (2002) 101 Cal.App.4th 430, 436, fn. 2.)

and a check for the first payment.  The forbearance agreement is not included in the record on appeal.

In July 2013 appellant agreed to sell the Calle Madrid Property for $567,500. Escrow was due to close on or before August 30, 2013.  The complaint alleges that on August 12, 2013, appellant and Deal "reaffirmed" their July 2012 agreement "as follows: In consideration of the payment of a monthly fee, Defendant would continue to extend the foreclosure sale dates for both Properties, the pending sale of the Calle Madrid Property would be allowed to close, the proceeds of the sale of the Calle Madrid Property would be conveyed to Defendant to be used first to pay all indebtedness owing to Defendant secured by the trust deed on the Calle Madrid Property, and then the balance would be applied by Defendant to the arrearages then outstanding on the Ocean Drive Property ."

Emails attached as exhibits to the complaint do not support the complaint's allegations as to the August 12, 2013 agreement.  In the morning on August 12, 2013, appellant emailed Deal that he wanted to "pay[] you off in full" and needed to know the "payoff amount."  In his reply email that afternoon, Deal stated that he had attached "the payoff statement, which also includes information about sending the payment."  The emails mention nothing about the postponement of foreclosure sale dates in consideration of appellant's payment of a monthly fee.

On August 27, 2013, the Calle Madrid Property was sold at a trustee's sale.  "Deal was shocked at what had happened and was extremely apologetic to appellant."  "[H]e had no information in his records that it was either expected or going to happen."

Deal told appellant that the Ocean Drive Property was scheduled to be sold at a trustee's sale on October 1, 2013.  To prevent the sale, in September 2013 appellant signed a forbearance agreement with OneWest Bank .

*Appellant's Complaint: Causes of Action*

The complaint consisted of four causes of action.  The first alleged that, by foreclosing on the Calle Madrid Property, OneWest Bank had breached its contract with appellant.  The second cause of action alleged that OneWest Bank had negligently

3

misrepresented that it would postpone foreclosure on the Calle Madrid Property. The third cause of action was for declaratory relief. The fourth cause of action sought to enjoin respondents from proceeding with a trustee's sale of the Ocean Drive Property.

*Trial Court's Ruling on Demurrer*

The trial court ruled that the April 2013 forbearance agreement and the August 12, 2013 "reaffirmance" of the July 2012 agreement were unenforceable because they came within the statute of frauds and did not satisfy its requirements. Furthermore, the April 2013 forbearance agreement required appellant to make three payments. Appellant alleged that he had made the first payment, but he did not allege that he had made the second and third payments. "Even if he had made the required payments, the [forbearance agreement's] three-month postponement [of foreclosure] would have expired before the August 27, 2013, trustee's sale."

The court observed that the August 12, 2013 "reaffirmance" of the July 2012 agreement was not supported by the emails attached to the complaint. The emails "merely show that [on August 12, 2013, OneWest Bank] was providing [appellant] the payoff amount and make no mention of postponing a foreclosure sale." In addition, appellant did not allege that he had made the payments required under this agreement.

As to the cause of action for negligent misrepresentation, the trial court concluded that appellant had "not alleged facts that would support a finding that [OneWest Bank] owed him a duty of care. [Citation.] Moreover, [appellant] has not alleged justifiable reliance or damage resulting from his reliance."

*Standard of Review*

"Because the function of a demurrer is to test the sufficiency of a pleading as a matter of law, we apply the de novo standard of review in an appeal following the sustaining of a demurrer . . . ." (*California Logistics, Inc. v. State* (2008) 161 Cal.App.4th 242, 247.) "[W]e assume the truth of all facts properly pleaded in the complaint and its exhibits or attachments, as well as those facts that may fairly be implied or inferred from the express allegations. [Citation.] 'We do not, however, assume the truth of contentions, deductions, or conclusions of fact or law.' [Citation.]" (*Cobb v.*

4

*O'Connell* (2005) 134 Cal.App.4th 91, 95.) " 'If the facts appearing in [an] attached exhibit contradict those expressly pleaded, those in the exhibit are given precedence. [Citation.]' [Citation.]" (*Duncan v. McCaffrey Grp., Inc.* (2011) 200 Cal.App.4th 346, 360, disapproved on another ground in *Riverisland Cold Storage, Inc. v. Fresno-Madera Prod. Credit Ass'n* (2013) 55 Cal.4th 1169, 1176, 1179, 1182.)

"It is error for the trial court to sustain a demurrer if the plaintiff has stated a cause of action under any possible legal theory . . . ." (*California Logistics, Inc. v. State*, *supra*, 161 Cal.App.4th at p. 247.) On appeal, "[t]he plaintiff has the burden of showing that the facts pleaded are sufficient to establish every element of the cause of action and overcoming all of the legal grounds on which the trial court sustained the demurrer, and if the defendant negates any essential element, we will affirm the order sustaining the demurrer as to the cause of action. [Citation.]" (*Martin v. Bridgeport Cmmunity. Ass'n, Inc.* (2009) 173 Cal.App.4th 1024, 1031.)

<em>Cause of Action for Breach of Contract</em>

In his opening brief, appellant does not discuss the April 2013 forbearance agreement. He argues that the trial court erroneously concluded that he had failed to allege facts sufficient to state a cause of action for breach of the subsequent August 12, 2013 agreement. This agreement allegedly provided: "In consideration of the payment of a monthly fee, Defendant would continue to extend the foreclosure sale dates for both Properties" so that appellant would be able to sell the Calle Madrid Property and use part of the proceeds to pay the indebtedness secured by the deed of trust on that property and apply the "balance . . . to the arrearages . . . outstanding on the Ocean Drive Property."

Appellant did not pay the monthly fee. In his opening brief he contends that payment "was excused by the anticipatory breach by Defendant Bank when the Calle Madrid Property was foreclosed upon" 15 days after the August 12, 2013 agreement. Appellant states that he "could not have paid a monthly fee as a practical matter, nor had the time for payment of a monthly fee yet arisen."

Respondents argue that, "[s]ince Appellant admittedly has no written evidence to confirm the existence of this alleged agreement, the statute of frauds bars Appellant's

5

breach of contract claim." "A contract coming within the statute of frauds is invalid unless it is memorialized by a writing subscribed by the party to be charged or by the party's agent. [Citation.]" (*Secrest v. Security Nat. Mortgage Loan Trust 2002-2* (2008) 167 Cal.App.4th 544, 552.) The statute of frauds applies to the August 12, 2013 agreement "to extend the foreclosure sale dates for both Properties" in consideration of appellant's payment of a monthly fee. (See *Id*., at p. 553 [forbearance agreement that "altered the lender's ability to exercise a right to foreclose under the note and deed of trust due to the borrower's default" was subject to the statute of frauds].)

Appellant asserts that "the statute of frauds is satisfied" by emails relating to the August 12, 2013 agreement. We disagree. The emails mention nothing about postponing foreclosure in consideration of appellant's payment of a monthly fee. In the morning on August 12, 2013, appellant emailed Deal: "As promised, I am paying you off in full; please call me asap this morning . . . [s]o that I can secure a payoff amount and discuss the close." In his reply email, Deal stated that he had attached "the payoff statement, which also includes information about sending the payment." The following day, Deal emailed appellant that he was attaching an "updated payoff statement" that "waive[s] $900 in fees."

Appellant maintains that he has "alleged sufficient facts to show that promissory estoppel precludes Defendant Bank from invoking the statute of frauds as a defense." " 'The elements of a promissory estoppel claim are "(1) a promise clear and unambiguous in its terms; (2) reliance by the party to whom the promise is made; (3) [the] reliance must be both reasonable and foreseeable; and (4) the party asserting the estoppel must be injured by his reliance." [Citation.]' [Citation.]" (*Jones v. Wachovia Bank* (2014) 230 Cal.App.4th 935, 945.)

Appellant failed to state facts sufficient to satisfy the first element: " ' "a promise clear and unambiguous in its terms . . . ." ' " (*Jones v. Wachovia Bank*, *supra*, 230 Cal.App.4th at p. 945.) Appellant did not allege the amount of the "monthly fee" required to postpone foreclosure or when the fee was due. Nor did he allege the duration of the postponement. In contrast, emails attached to the complaint show that the earlier

6

April 2013 forbearance agreement provided a three-month postponement in consideration of appellant's payment of $1,500 on April 23, May 15, and June 15, 2013.

Furthermore, appellant did not allege facts sufficient to show that he had relied specifically on the August 12, 2013 agreement and that he had been injured by this reliance. Appellant claims that he "was clearly injured by his reliance: he lost the Calle Madrid Property in foreclosure and was unable to use the proceeds of the pending sale to cure the default on the Ocean Drive Property as agreed with Mr. Deal." But the result would have been the same if the August 12, 2013 agreement had not existed. In the absence of this agreement, the Calle Madrid Property would still have been sold at the trustee's sale on August 27, 2013.

*Cause of Action for Negligent Misrepresentation*

Appellant asserts that the cause of action for negligent misrepresentation is based on Deal's misrepresentations in the August 12, 2013 agreement. Deal "negligently misrepresented to [appellant] that the Bank would allow the pending sale of the Calle Madrid Property to close, the proceeds of which would be applied to the arrearages on the Ocean Drive Property loan . . . ." " 'The elements of negligent misrepresentation are "(1) the misrepresentation of a past or existing material fact, (2) without reasonable ground for believing it to be true, (3) with intent to induce another's reliance on the fact misrepresented, (4) justifiable reliance on the misrepresentation, and (5) resulting damage." ' [Citation.]" (*Wells Fargo Bank, N.A. v. FSI, Fiancial. Solutions, Inc.* (2011) 196 Cal.App.4th 1559, 1573.)

As discussed in the preceding part of this opinion, appellant did not allege facts sufficient to show that he had relied specifically on Deal's misrepresentation in the August 12, 2013 agreement and that he had been injured by this reliance. The cause of action for negligent misrepresentation alleges that OneWest Bank knew that its "representations would be relied upon by [appellant] in [his] decision to sell the Calle Madrid Property . . . ." But the complaint alleges that appellant accepted an offer to purchase that property on July 12, 2013, a full month before the August 12, 2013 agreement.

7

*No Abuse of Discretion in Not Granting Leave to Amend*

"[I]t is an abuse of discretion for the [trial] court to sustain a demurrer without leave to amend if the plaintiff has shown there is a reasonable possibility a defect can be cured by amendment.  [Citation.]"  (*California Logistics, Inc. v. State*, *supra*, 161 Cal.App.4th at p. 247.)  The burden is on appellant to show an abuse of discretion.  (*Stanson v. Brown* (1975) 49 Cal.App.3d 812, 814.)  "[P]laintiff must show in what manner the complaint could be amended and how the amendment would change the legal effect of the complaint, i.e., state a cause of action.  [Citations.]"  (*Buller v. Sutter Health* (2008) 160 Cal.App.4th 981, 992.)  Appellant has failed to make the required showing.

*Disposition*

The judgment is affirmed.  Respondents shall recover their costs on appeal.

NOT TO BE PUBLISHED.

YEGAN, J.

We concur:

GILBERT, P.J.

PERREN, J.

Tari Cody, Judge

Superior Court County of Ventura

_____


Marxhall G. Mintz; Mintz Law Group, for Appellant.


Jonathan M. Zak, Marvin B. Adviento;Wright, Finlay & Zak, for Respondents.